# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TIMBERLY BROOKS, as Guardian of** | ) | |
| **Brandy Brooks, an incapacitated adult,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-12-481-RAW** |
| | ) | |
| **STATE OF OKLAHOMA, OKLAHOMA** | ) | |
| **DEPT. OF HUMAN SERVICE, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is the motion of the plaintiff to remand. This action was commenced in state court by the filing of a petition on May 9, 2012. It appears, however, that no defendant was served at that time. An amended petition was filed on October 23, 2012 and the defendants were served. Defendant DJK Enterprises, Inc. ("DJK") did not file an answer or responsive pleading by November 13, 2012 (its response date) and did not request an enlargement of time from the state court. DJK filed a motion to dismiss in state court on November 19, 2012 (i.e., seven days out of time).

Defendant DHS was served with the amended complaint on October 25, 2012. DHS did not file an answer or responsive pleading in state court by November 14, 2012, its due date. DHS did, however, file an entry of appearance and reservation of time in state court on November 15, 2012. On November 26, 2012, DHS timely filed notice of removal in this

court, which notice reflected the consent of the other served defendants.[*]   Despite the removal, on December 4, 2012, plaintiff filed in state court motions for default judgment against the defendants and a motion to strike the motion to dismiss of defendant DJK.

Plaintiff seeks remand on the ground that the defendants were "in default" at the time of removal.   As to defendant DJK specifically, plaintiff notes that DJK filed a motion to dismiss before the notice of removal and therefore sought disposition in state court.   It is true that "[a] state court defendant also may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action, indicating a willingness to litigate in the state tribunal, before filing a motion of removal with the federal court."   14B Wright & Miller, <u>Federal Practiceand Procedure,</u> §3721 at 105 (4th ed.2009).

The court disagrees, however, that such has taken place here.   *See Cogdell v. Wyeth,* 366 F.3d 1245, 1249 (11th Cir.2004)(filing of a motion to dismiss prior to removing action does not constitute waiver); *Somoano v. Ryder Systems, Inc.,* 985 F.Supp.1476, 1478 (S.D.Fla.1998)(filing a motion to dismiss for failure to state a claim was not a waiver).   Here, no hearing or ruling on the motion had taken place.   Also, "[t]he federal statutes and rules cannot be read to preclude removal merely because a party has moved for default in the state court." *Viau v. Montage Hotels & Resorts, LLC,* 2012 WL 6087281 (D.Utah 2012).   Indeed, in this instance, the motion for default was filed after removal.

---

[*]Removal jurisdiction is premised on the fact that plaintiff's amended petition relies in part upon 42 U.S.C. §1983 for relief.

It is the order of the court that the motion of the plaintiff to remand and objection to notice of removal (#15) are hereby DENIED.

**ORDERED THIS 4th DAY OF FEBRUARY, 2013.**

**Dated this 4th day of February, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma