IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMBERLY BROOKS, as Guardian of Brandy Brooks, an incapacitated adult, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-12-481-RAW ) |
| STATE OF OKLAHOMA, OKLAHOMA DEPT. OF HUMAN SERVICE, et al., | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the court is the motion to dismiss of defendants DJK Enterprises, Inc. ("DJK") and Jean Hayes ("Hayes"). The amended petition filed in state court alleges that plaintiff Timberly Brooks was the guardian of Brandy Brooks, an incapacitated adult. DJK was a contractor for the Oklahoma Department of Human Services during the litigated events. Hayes was the owner of DJK. William Richmond (named as a defendant in the amended petition but evidently not served) was an employee for DJK and provided "job coach" services in this case. Plaintiff alleges that Richmond molested Brandy Brooks and that criminal charges were filed against him in Pontotoc County.

Plaintiff brings claims pursuant to 42 U.S.C. §1983 for violation of due process and equal protection rights. Additionally, she alleges that the defendants were negligent and

negligently inflicted emotional distress upon her. The amended complaint also alleges a claim of "negligent assault and battery" in regard to Brandy Brooks.*

Under Rule 12(b)(6) F.R.Cv.P., the court assumes the truth of plaintiff's well-pleaded factual allegations and views them in the light most favorable to her. *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007). To withstand a motion to dismiss, there must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir.2011).

To prevail on a cause of action under §1983, a plaintiff must prove (1) she has been deprived of a federal right and (2) the deprivation was caused by a person acting under color of state law. *See Johnson v. Rodrigues,* 293 F.3d 1196, 1201-02 (10th Cir.2002). Defendants argue they are not "state actors" under the second prong. The Tenth Circuit has identified four tests to aid in the inquiry: (1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test. *Id.* at 1202.

---

*Brandy Brooks is not formally named as a separate plaintiff in the amended petition. The court expresses no opinion as to whether this is an impediment to recovery under a particular claim.

Under the public function test, a court determines whether a private entity has exercised powers traditionally exclusively reserved to the State. *Tool Box v. Ogden City Corp.,* 316 F.3d 1167, 1176 (10th Cir.2003). Under the nexus test, a court considers whether there is a sufficiently close nexus between the government and the challenged conduct such that the conduct may be fairly treated as that of the State itself. *Id.* Under the symbiotic relationship test, state action will be present if the State has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity. *Id.* Finally, under the joint action test, state action exists if a private party is a willful participant in joint action with the State or its agents. *Id.*

The court has concluded a ruling in the present posture is not appropriate. The Tenth Circuit has held that "the question of whether a private person acts under color of state law is one of fact and normally a jury matter, unless it may be decided as a matter of law under [Rule 12(b)(6)] . . . or under . . . [Rule 50 or Rule 56]." *Pleasant v. Lovell,* 876 F.2d 787, 799 (10th Cir.1989). *See, e.g.,* 3B K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions – Civil* §168.30 (5th ed. 2001). Several factual matters are unclear from the briefing. For example, the amended petition alleges that Brandy Brooks was "in the custody and control of Defendants DHS, DJK Enterprises and Jean Hayes when the abuse occurred." (¶27). It is not clear precisely what this means and the court wishes more factual development. The nature of the "custodial arrangement" might have implications for a finding of nexus, symbiotic relationship, or joint action. Also, defendants assert that the

State did not fund their services, but rather provided funds to plaintiff, who then paid defendants. This is arguably state funding by other means, and a distinction might be drawn depending upon whether plaintiff had a choice in selecting a service company other than DJK.

In sum, the court finds the amended complaint achieves "facial plausibility" regarding the issue of conduct under color of state law by the movants. Ultimately, the court may well conclude as a matter of law that defendants are not state actors, but such a ruling will come after discovery and if a motion for summary judgment is presented.

The court makes a similar ruling as to the negligence claims. Absent a special relationship, a defendant has no duty of care to the plaintiff for the intentional and criminal acts of a third person against that plaintiff. *J.S. v. Harris,* 227 P.3d 1089, 1092 (Okla.Ct.App.2009). In the case at bar it is plausible (all that is required at this pleading stage) that the defendants and Brandy Brooks were in a special relationship, creating such a duty. Moreover, the assault was allegedly committed by an employee of DJK. The amended petition alleges that "Defendant Jean Hayes, as owner of DJK Enterprises, failed to properly investigate the background of Defendant Richmond despite knowledge of his prior sexual assaults." (¶51). Defendants assert this allegation is "made up," but the court has no basis for determination at his time.

Movants have presented reasonable arguments in support of their motion and those arguments may yet carry the day. Movants are not precluded from revisiting any argument at a later time.

It is the order of the court that the motion to dismiss (#10) is hereby denied.

**ORDERED THIS 6th DAY OF MAY, 2013.**

**Dated this 6th day of May, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma