IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TIMBERLY BROOKS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-481-RAW |
| | ) | |
| **STATE OF OKLAHOMA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is the motion of defendant Oklahoma Department of Human Services ("DHS") to dismiss. Plaintiff commenced the action by petition filed in state court, asserting federal claims pursuant to 42 U.S.C. §1983 and state law claims. Defendants removed the case to this court and then filed the present motion.

Defendant seeks to dismiss pursuant to Rule 12(b)(6) F.R.Cv.P. and under the governing Supreme Court standard. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). That is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and a complaint that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Gee v. Pacheco,* 627 F.3d 1178, 1184 (10th Cir.2010).

Movant first correctly notes that "[s]tates, state agencies, and state officials acting in their official capacities are not 'persons' acting under color of state law; thus Eleventh Amendment sovereign immunity bars claims against these defendants unless the state has waived that immunity, and Oklahoma has not waived its immunity as to §1983 claims." *Buchanan v. Oklahoma,* 398 Fed. Appx. 339 (10th Cir.2010). Plaintiff concedes the point and moves to dismiss DHS from the §1983 claims as found in the First, Fifth and Sixth causes of action. (Objection and Response at 4).

Next, movant seeks dismissal of the state-law negligence claims. The first argument presented is that the amended petition does not demonstrate that DHS breached a duty it owed to Brandy Brooks. This argument is rejected (in the context of a motion to dismiss) for similar reasons set forth in the companion order regarding the motion of defendants DJK Enterprises and Hayes.* The issue may be revisited after discovery and if a motion for summary judgment is filed.

As a second argument, movant points to 51 O.S. §155(18), which exempts the state from liability for an act or omission of an independent contractor. Again, the court hesitates in the present procedural posture. "Generally, the question of whether an individual serves as an independent contractor or an employee is for the trier of fact. The issue becomes one of law when no other inference can be drawn from the facts presented other than that the

---

*"When a special relationship between the parties exists and when the occurrence of harm or damage to one party is foreseeable, a legal duty to control the actions of third persons will be found." *Cooper v. Millwood Indep. Sch. Dist.,* 887 P.2d 1370, 1374 (Okla.Ct.App.1994). Whether an injury is foreseeable is a question of fact for the jury. *Id.*

2

individual serves in the capacity of one or the other." *Price v. Howard,* 236 P.3d 82, 95 (Okla.2010)(footnotes omitted). The amended petition does describe DJK as a contractor for DHS (¶3), but the present record is unclear as to the nature of the relationship between DJK and the State of Oklahoma, and whether the adjective "independent" is appropriate. It may well be, but the court wishes fuller factual development.

It is the order of the court that the motion to dismiss (#13) is granted in part and denied in part. The claims pursuant to 42 U.S.C. §1983 are dismissed to the Oklahoma Department of Human Services. The state-law claims remain pending at this time.

**ORDERED THIS 6th DAY OF MAY, 2013.**


**Dated this 6th day of May, 2013.**


                                                  Ronald A. White
                                                United States District Judge
                                                Eastern District of Oklahoma